# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7757 | **DATE** | 2/8/2002 |
| **CASE TITLE** | Kurt Klaus vs. Builders Concrete Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Memorandum Opinion and Order entered. Defendant's Motion to strike certain of Plaintiff's Responses to Defendant's Rule 56.1 Statement of Facts [#31] is granted in part and denied in part. *AK*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 08 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 36 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/8/2002 | |
| | | | date mailed notice | |
| | courtroom deputy's initials | | FT/ | |
| | FT/ | | mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KURT KLAUS,

    Plaintiff,

vs.

BUILDERS CONCRETE CO.,

    Defendant.

Case No. 00 C 7757

Magistrate Judge
Arlander Keys

**MEMORANDUM OPINION AND ORDER**

Defendant, Builders Concrete Co., moves this Court to strike certain of Plaintiff's Responses to Defendant's Rule 56.1 Statement of Facts. Defendant argues that some of Plaintiff's Responses fail to comply with Federal Rule of Civil Procedure 56.1(b)(3). For the reasons set forth below, Defendant's Motion is granted in part and denied in part.

**DISCUSSION**

Local Rule 56.1 (a)(3) requires a moving party to submit a statement of undisputed facts that are supported by the evidentiary materials. The nonmoving party must respond to this statement of facts in accordance with Local Rule 56.1(b)(3). Under Rule 56.1(b)(3), the nonmovant must support any denials with specific references to the evidence in the record. Argumentative and conclusory responses constitute admissions. *See Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000).

The Seventh Circuit has upheld strict compliance with Rule 56.1, and its predecessor Local Rule 12, on numerous occasions. *See, e.g., Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 519 (7th Cir. 1992) (upholding district court's decision to deem admitted defendant's Local Rule 12 Statement of Fact to which plaintiff failed to specifically respond, even where plaintiff generally disputed those facts throughout its briefs.)

Defendant attacks many of Plaintiff's Responses to its Statement of Material Facts, dividing its challenges into three broad categories. The Court addresses each category of challenges in turn.

### A. Denials Unsupported By Citations to Evidence Are Striken.

First, Defendant claims that many of Plaintiff's denials fail to cite contradictory evidence and should, therefore, be deemed admitted. *See, e.g., Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000) (general denial is insufficient to rebut movant's factual allegations). The Court rules as follows with

---

[1] The Court considered Defendant's argument that Plaintiff's responses contained improper narratives and consisted of qualified denials concurrently. The Court does not discuss Defendant's argument regarding materiality because: 1) Plaintiff denies Defendant's assertion in paragraph 8; 2) the Court has already struck Plaintiff's responses in paragraphs 72 and 76; and 3) Plaintiff does not challenge Defendant's factual assertion in paragraph 79 as immaterial. The Court agrees, however, that Rule 56 statements and responses are not the appropriate vehicle for raising objections to facts and additional facts. *See Pike v. Caldera*, 188 F.R.D. 519, 529 (S.D. Ind. 1999).

2

respect to Defendant's "lack of contradictory evidence" objections:

The Court agrees that the following responses fail to cite to evidence that contradicts Defendant's factual assertion: ¶¶ 9, 26, 35, 37, 44, 47 , 61. 65, 70-73, 75, 76, and 87. Defendant's assertions are, therefore, deemed admitted. Defendant's Motion is denied with respect to paragraphs 39, 41, 42, and 77.

### B. Narratives or Qualifying Responses Are Stricken

Defendant argues that, in responding to several of its factual assertions, Plaintiff improperly includes argumentative denials, improper narratives, or qualified admissions. *See generally, Renaldi v. Sears Roebuck and Co.*, No. 97 C 6057, 2001 WL 290374, at *1 (N.D. Ill. Mar. 21, 2001). If the nonmovant acknowledges that the moving party's factual assertion is true, but believes the assertion does not tell the whole story, the statement should be admitted and the additional information can be presented to the Court in the "Statement of Additional Facts." Because the following responses are improperly qualified, include improper narrative or argumentative denials, the underlying factual assertions are deemed admitted: ¶¶ 10, 11, 14, 16, 20, 22, 24, 25, 33, 43, 45, 46, 52, 53, 55, 57, 59, 62, 68, 74, 81, 83, and 87. Defendant's challenges to the remaining responses in the section are denied.

### C. Plaintiff's Declaration is Admissible

Finally, Defendant objects to Plaintiff's Response to ¶ 85 of Defendant's Statement of Facts, because Plaintiff filed it in response to Defendant's Motion for Summary Judgment, and it is allegedly self-serving. In support of its position, Defendant cites to *Patterson v. Chicago Ass'n for Retarded Citizens*, 150 F.3d 719, 724 (7th Cir. 1998), which is readily and materially distinguishable from the instant case. In *Patterson*, the court found that the plaintiff's affidavit, filed after the defendant's summary judgment motion, could not stave off summary judgment because it was not sufficiently reliable. *Id.* Specifically, the court was troubled by the fact that, while Plaintiff could not recall several important facts during her deposition, her later-filed declaration recounted them in vivid detail. *Id. See also Slowiak v. Land O'Lakes, Inc.*, 987 F.2d 1293, 1295-96 (7th Cir. 1993) (rejecting later filed affidavit because it was speculative and directly contradicted prior deposition testimony).

Conversely, the admissibility of Plaintiff's declaration is not hampered by these reliability concerns. Plaintiff's declaration does not contradict his prior deposition testimony and, in large part, is based on his personal knowledge. The Court declines to strike the declaration.

Similarly, the Court rejects Defendant's objections to Plaintiff's reliance upon affidavits obtained after the close of

discovery.[2] These witnesses were all disclosed to (and in some cases identified by) Defendant prior to the close of discovery. Many of these witnesses are Defendant's employees, who were readily available for interviews and discovery. The Court finds that the instant case is sufficiently distinguishable from *Meredith v. Principi,* No. 00 C 2476, 2001 WL 856283 (N.D. Ill. July 27, 2001) (noting that Plaintiff never disclosed the affiants prior to the close of discovery.)

## CONCLUSION

For the reasons set forth above, the Court finds that many of Plaintiff's Responses to Defendant's Rule 56.1(b)(3) Statement, which were challenged by Defendant, fail to conform to Rule 56, and are therefore deemed admitted. **IT IS THEREFORE ORDERED** that:

Defendant's Motion to Strike be, and the same hereby is, **GRANTED IN PART**, and **DENIED IN PART**.

FEBRUARY 8, 2002

ENTER:

ARLANDER KEYS
United States Magistrate Judge

---

[2] Notably, while Defendant argues for strict compliance with Rule 56, its objections to Plaintiff's additional facts fail to conform to the Rule. *See Pike,* 188 F.R.D. at 529; *K.Y. v. Maine Township High School Dist. No. 207,* No. 96 C 7872, 1998 WL 157414, at *1 n.2 (N.D. Ill. Mar. 31, 1998).

5